People v Garcia (2025 NY Slip Op 50899(U))

[*1]

People v Garcia

2025 NY Slip Op 50899(U)

Decided on June 3, 2025

Criminal Court Of The City Of New York, Bronx County

Moore, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 3, 2025
Criminal Court of the City of New York, Bronx County

The People of the State of New York,

against
Sheania Garcia, Defendant.

Docket No. CR-320665-24BX

For the Defendant: The Legal Aid Society
(by: Abigail Kasdin, Esq.)
For the People: Darcel D. Clark, District Attorney, Bronx County
(by: ADA Vadeanand Nowrang)

Deidra R. Moore, J.

On December 26, 2024, Sheania Garcia (hereinafter referred to as "the Defendant"), was arrested and charged with Penal Law ("P.L.") § 220.03, as well as Vehicle and Traffic Law ("V.T.L.") § 511[2][a][iv] and related charges. The Defendant was arraigned the same day and released on her own recognizance.
Defendant moves to invalidate the certificate of compliance ("COC") filed on February 7, 2025, as well as the supplemental certificate of compliance ("SCOC") filed on February 26, 2025, pursuant to Criminal Procedure Law ("C.P.L.") § 245.50[4][c].
Upon review and consideration of the submissions, court file and relevant legal authority, the Court finds that the prosecution has not exercised due diligence to disclose all discoverable materials in its possession. Therefore, Defendant's motion is GRANTED.
RELEVANT PROCEDURAL BACKGROUND
On December 26, 2024, Defendant was arraigned on a top count of P.L. § 220.03, criminal possession of a controlled substance, a class A misdemeanor. The case was adjourned to February 10, 2025, for conversion and discovery compliance.
On February 7, 2025, the People filed and served, off-calendar, a supporting deposition, NYPD lab reports, a certificate of compliance, and statement of readiness. The Defendant was arraigned on the information on February 10, 2025, and the case was adjourned to February 27, 2025, for discovery conference.
On February 14, 2025, defense counsel e-mailed the assigned prosecutor, outlining a list of discovery items believed to be missing or incomplete. On February 21, 2025, the assigned prosecutor responded.
The assigned prosecutor filed a supplemental certificate of compliance on February 26, 2025, after disclosing additional material, including the "Vehicle Seizure Form" and "Updated CCRB History" reports for the three officers designated to testify (SCOC at 2-3; COC 4-5).
he parties appeared for a discovery conference on February 27, 2025, at which time [*2]defense counsel objected to the validity of both the COC and SCOC, and a motion schedule was set.
On March 18, 2025, Defendant moved to strike the COC and SCOC pursuant to C.P.L. § 245.50[4][c]. The People filed their opposition on April 8, 2025; the defense reply followed on April 15, 2025.
LEGAL FRAMEWORK
Effective January 1, 2020, the New York State Legislature enacted C.P.L. Article 245, a sweeping overhaul of discovery practice in criminal cases. Article 245 requires automatic disclosure to defense counsel of "all items and information which relate to the subject matter of the case and are in the possession, custody or control of the prosecution or persons under the prosecution's direction or control" (C.P.L. §§ 245.20[1]). Discoverable items possessed by "any New York state or local police or law enforcement agency" are deemed to be in the prosecution's possession (C.P.L. § 245.20[2]). Article 245 enumerates a list of twenty-one categories of material that must be disclosed as part of automatic discovery, noting that discoverable material is "not limited" to these categories (C.P.L. § 245.20[1]). One such category that must be automatically disclosed is "[a]ll evidence and information . . . that tends to. . .impeach the credibility of a testifying prosecution witness" (C.P.L. § 245.20[1][k][iv]).
Shortly after C.P.L. Article 245 was enacted, the New York State Legislature repealed Civil Rights Law § 50-a, which had previously shielded the disciplinary records of law enforcement officers from public view (People v Kelly, 71 Misc 3d 1202(A) [Crim Ct, NY County 2021]). As a result, the prosecution must now disclose disciplinary records for testifying officers, when those records may tend to impeach the officers' credibility (Matter of Jayson C., 200 AD3d 447 [1st Dept 2021]).
Discoverable items in the custody of the NYPD Internal Affairs Bureau ("IAB") are deemed to be in the prosecution's possession (C.P.L. § 245.20[2]). However, because the Civilian Complaint Review Board ("CCRB") is an independent agency, only CCRB material in the prosecution's actual possession must be turned over (People v Soto, 72 Misc 3d 1153, 1161 [Crim Ct, NY County 2021]).
When the People have turned over all materials subject to discovery, they must file with the court and serve on the defense a certificate of compliance, certifying that they have exercised due diligence and made reasonable inquiries to fulfill their discovery obligations (C.P.L. § 245.50[1].[FN1]
Absent "an individualized finding of special circumstances," the People may not validly state ready for trial until they have provided all discoverable material to the defense and filed a proper COC (C.P.L. § 245.50[3]).
The Defense, in turn, is required to alert the prosecution to any potential defect with the COC "as soon as practicable" (C.P.L. § 245.50[4][b]). This statutory provision discourages the defense from "lying in wait" to notify the prosecution of missing discovery only once the statutory speedy trial period has elapsed (People v Morales, 227 NYS.3d 909, 912 [Crim Ct, NY [*3]County 2025]).
DISCUSSION
I. The Parties' Arguments
The Defense argues that both the COC and SCOC are invalid, as discoverable material remains undisclosed. The most substantive outstanding material flagged by Defendant comprises impeachment material for the three officers to be called as witnesses by the People.[FN2]
Defendant specifically requests unredacted Civilian Complaint Review Board ("CCRB") history and investigation reports, as well as unredacted Internal Affairs Bureau ("IAB") logs with embedded attachments, for each of the three officers (Defense Motion at 6).
Defendant contends that the redacted portions of the CCRB material for the officers are "long and substantial, suggesting they contain substantive information" rather than solely the personal identifying information of civilian witnesses or social security and tax numbers (Defense Reply at 6). Defendant also contends that the IAB logs are impermissibly redacted beyond what is allowed by Article 245, although Defendant provides little detail here. Finally, the defense contends that, as the IAB log attachments contain exhibits and documents generated by internal misconduct investigations, these attachments contain substantive impeachment material which must be disclosed.
The People contend that their COC and SCOC are both valid, as they have disclosed all impeachment material required by C.P.L. § 245.20[1][k]. As to the redacted CCRB materials, the People contend that the only redactions contained within those materials are redactions which tend to identify civilians. As to the redacted IAB materials, the People contend that the redacted portions consist of personal information about civilian witnesses, the resident precincts of members of service, and information about members of service who were involved in the investigated conduct but are not involved in the instant matter. The People contend that the IAB logs contain two layers of redaction: first, the NYPD redacts civilians' personal information and officers' resident precincts; then, the district attorney's office redacts information pertaining to fellow officers involved in the alleged misconduct. The People note that they would need a so-ordered subpoena to obtain IAB logs from the NYPD without at least the NYPD's initial layer of redactions.
Finally, the People contend that under C.P.L. § 245.20[1][k], they must only disclose officer disciplinary records that relate to "the subject matter of the case" (citing People v Johnson, 218 AD3d 1347 [4th Dept 2023]), and that IAB log attachments do not meet this criterion. However, the People do not detail the attachments' exact contents.
II. The Court's Analysis
As a threshold matter, this Court finds that discoverable impeachment material extends [*4]beyond evidence generated by the current case. Article 245 mandates "a presumption in favor of disclosure" when interpreting automatic discovery requirements (C.P.L. § 245.20[6]). Moreover, the plain language of C.P.L. § 245.20[1][k][iv] directs disclosure of "all evidence and information" that tends to impeach a witness's credibility. This statutory provision does not limit disclosure only to impeachment material related to the "charged offense" (C.P.L. § 245.20[1][k]. (See People v Coley, - NYS3d , 2025 NY Slip Op. 01945 [2nd Dept 2025] ["records that may tend to impeach the credibility of a testifying prosecution witness are related to the subject matter of the case and must be disclosed as part of automatic discovery"]; see also People v Edwards, 74 Misc 3d 433, 440 [Crim Ct, NY County 2021] ["[s]ince impeachment evidence is relevant to whether the factfinder in the case should believe the witness, that evidence necessarily relates to the 'subject matter of the case"].)
A. IAB Attachments
The People advance an extremely narrow view of what constitutes impeachment material under C.P.L. § 245.20[1][k]iv], essentially arguing that the IAB log attachments are not discoverable because the allegations of misconduct referenced therein are not precisely analogous to what Defendant alleges here. The People argue, for instance, that the underlying attachments for a substantiated allegation of "undercount[ing]" and "improperly invoic[ing]" narcotics need not be shared—even though Defendant is charged with criminal possession of a controlled substance—because Defendant has not alleged that this officer miscounted or improperly invoiced narcotics recovered from Defendant's vehicle (People's Opposition at 28). The People also argue that a substantiated allegation of failure to activate body worn camera does not relate to the subject matter of the case, because Defendant does not allege that the officer failed to activate his camera. Perhaps most perplexingly, the People argue that a substantiated allegation for the improper search of a vehicle does not relate to the subject matter of the case—even though Defendant's vehicle was searched, and evidence recovered from it—because the basis to search in the IAB matter differs from the basis to search in the instant matter (Id. at 27).
The Court disagrees with the People's view of what impeachment material must be disclosed as part of their automatic discovery obligations. It is of no moment that, heretofore, Defendant has not raised specific allegations of improper invoicing of evidence or the failure to activate one's body camera. (It is also unclear at what point in the proceedings thus far Defendant would have raised these specific issues, as no hearings have occurred.) Impeachment material is that which may be used during cross-examination to demonstrate a witness's bias, motive to lie, or "willingness. . . to place the advancement of. . . individual self-interest ahead of principle or of the interests of society" (People v Smith, 27 NY3d 652, 661 [2016], quoting People v Walker, 83 NY2d 455, 461 [1994]). Allegations of officer misconduct fall squarely within these bounds, and C.P.L. § 245.20[1][k][iv] directs the prosecution to turn over "all evidence and information" that tends to impeach a prosecution witness (emphasis added).
Moreover, the prosecution is not the proper arbiter to determine what specific misconduct allegations might shed light on an officer's credibility. It is well-settled that "the best judge of the impeachment value of evidence is the 'single-minded counsel for the accused'" (People v Edwards, 74 Misc 3d 433, 443 [Crim Ct, NY County 2021], quoting People v Rosario, 9 NY2d 289, 290 [1961]. Indeed, the Second Department has cautioned against allowing the prosecution [*5]to parse what constitutes relevant impeachment material, noting that "the Legislature did not intend to create an additional layer of analysis, to be employed by the prosecution, when determining what is 'related to the subject matter of the case' in regard to impeachment material" People v Coley, - NYS3d , 2025 NY Slip Op. 01945 [2nd Dept 2025].
Consequently, the Court finds that the IAB log attachments must be disclosed, for both substantiated and unsubstantiated allegations, as "the underlying facts of substantiated and unsubstantiated findings may provide a good faith basis for cross-examination" (People v Castellanos, 72 Misc 3d 371, 374, [Sup Ct, Bronx County 2021]). IAB log attachments contain substantive material related to misconduct investigations and may contain fodder for cross examination at hearing or trial (People v Silva-Torres, 81 Misc 3d 1121, 1128 [Crim Ct, NY County 2023]).[FN3]

Ultimately, the People recount no review of the attachments' actual contents. Nor do the People outline any attempt to obtain and disclose the attachments, which are in their imputed possession. Consequently, the Court cannot find that the People acted with due diligence to disclose all discoverable material prior to filing the COC and SCOC (See People v Gourdine, 83 Misc 3d 1264(A) [Crim Ct, Kings County, 2024]).
B. Redacted CCRB and IAB Materials
The CCRB History Reports provided by the prosecution prior to the February 26, 2025, SCOC do not contain redactions, and consequently the People have fulfilled their discovery obligations with regard to these items.
The CCRB investigative reports, however, appear to contain substantive information which is redacted. While it is clear the complainants' personal information has been obscured, there are also entire lines in multiple sections that are redacted. For instance, most of the section entitled "Mediation, Civil and Criminal Histories" is redacted in each disclosed investigative report, as are the names of the investigators and squad leaders (People's Opposition Exhibit G).
The Court has not been provided copies of the redacted IAB logs by either party, so cannot determine whether the logs themselves are improperly redacted.
Article 245 allows for the redaction, without motion for a protective order, of a few explicitly delineated types of information. (See People v. Robert K., 83 Misc 3d 1229(A) [NY Crim Ct, 2024] ["The People's power to withhold certain automatically discoverable material is specifically circumscribed (CPL 245.20 [1] [c], [d], [g], and [u] [iv])."]) For instance, C.P.L. § 245.20[1][c] permits the redaction of information relating to the identity of certain parties, including: 911 callers; confidential informants; victims or witnesses of specifically articulated sex offenses; and victims or witnesses of crimes where the defendant has "substantiated affiliation with a criminal enterprise." C.P.L. § 245.20[1][d] permits the redaction of information [*6]relating to undercover law enforcement personnel, and C.P.L. § 245.20.[6] allows redaction of social security numbers or tax numbers.
As Article 245 contains only these limited carveouts allowing redaction without a protective order, the Court reasons that any other redactions of automatically discoverable material must be preceded by a motion for a protective order pursuant to C.P.L. § 245.70[1]. (See People v Basora, 79 Misc 38 1230(A) [Crim Ct, Bronx County 2023] ["[T]he Court categorically rejects the premise that the People can preemptively redact documents in lieu of demonstrating good cause in support of an application for a protective order."]). Consequently, the Court orders the People to disclose unredacted copies of the IAB logs and the CCRB investigative reports, with the exception of any information for which redaction is specifically permitted under Article 245. In the alternative, the People may move for a protective order pursuant to C.P.L. § 245.70[1].
The People have redacted portions of discoverable impeachment material beyond what is permitted by Article 245 and have withheld underlying documentation of alleged misconduct. The underlying documentation consists of IAB log attachments for multiple substantiated and unsubstantiated allegations against testifying officers—including investigative material for substantiated allegations which could have particular importance in the context of the instant case, i.e., allegations of improper search of a vehicle and inaccurate counting/invoicing of narcotics. The People recount no review of the attachments' contents nor any attempts to obtain and disclose the attachments. Consequently, the Court finds that the People have not exercised due diligence to turn over all discoverable material prior to filing the COC and SCOC.
CONCLUSION
Upon review and consideration of the submissions, court file and relevant legal authority, Defendant's motion to invalidate the certificate of compliance dated February 7, 2025, is GRANTED. Defendant's motion to invalidate the supplemental certificate of compliance dated February 26, 2025, is GRANTED.
The People are ordered to disclose unredacted CCRB and IAB materials as instructed above. The People are ordered to disclose all IAB log attachments for substantiated and unsubstantiated allegations. In the alternative, the People may move for a protective order pursuant to C.P.L. § 245.70[1].
Defendant's motion for pre-trial Mapp, Dunaway, and Huntley hearings is GRANTED.
Defendant's request for a Sandoval hearing is reserved for the trial court.
This constitutes the opinion, decision, and the order of the Court.
Dated: June 3, 2025
Bronx, New York
Hon. Deidra R. Moore, J.C.C.

Footnotes

Footnote 1:The prosecution must provide all discoverable material to the defense except that which has been lost or destroyed (C.P.L. § 245.80) or is the subject of a protective order (C.P.L. § 245.70[1]).

Footnote 2:Defense counsel also notes that the Vehicle Seizure Form was not turned over prior to the filing of the COC, although the form was disclosed by the prosecution prior to the filing of the SCOC. Defense counsel further maintains that an "Inventory Search List" has not yet been provided.

Footnote 3:If the People intend to redact or withhold IAB attachments from discovery, they must first file a motion for a protective order, pursuant to C.P.L. § 245.70[1]. Such a motion should include a detailed explanation regarding the reason for the proposed redaction or non-disclosure. Unless such an order is sought, the Court holds that Article 245's presumption of openness requires disclosure of all underlying documentation possessed by the People, for substantiated and unsubstantiated allegations (C.P.L. § 245.20[7]).